# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK BUCKLEY,** | **CIVIL ACTION** |
|     **Plaintiff** | |
| **VERSUS** | **No. 12-2856** |
| **AISHA M. JONES, et al.** | **Section "E"** |
|     **Defendants** | |

## ORDER & REASONS

Before the Court are Plaintiff's objections to the Magistrate Judge's Report and Recommendations on Defendants' motion to dismiss.[1] He asserts that the Magistrate Judge erred by using May 19, 2011, as the accrual date for his claims under Section 1983, because the "notice of displacement" he received on that date "does not contain the words 'terminated,' 'separated,' or 'fired' on any place on the four corners of the document."[2] This argument is specious. The notice of displacement reads in relevant part:

> While we appreciate your dedication to our mission of raising the achievement levels of all of our students, due to district reorganization stemming from budget constraints, shifting student enrollment and changes in school configuration for 2011-2012, your position is no longer available. While we will work to assist staff in securing a 2011-2012 placement, the RSD cannot guarantee displaced employees a position for the 2011-2012 school year. Displaced employees are responsible for securing a placement . . . .

This was clearly sufficient to provide Plaintiff with notice of the allegedly wrongful employment action, i.e., the loss of his job. Nor does it matter that Plaintiff's separation took effect later. "[T]he proper focus is on the time of the discriminatory act, not the point

---

[1] R. Docs. Nos. 7, 26, 27.

[2] R. Doc. No. 27, p. 1.

1

at which the consequences of the act become painful," and "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

By asking for remand on the remainder of his claims, Plaintiff also impliedly challenges the Magistrate Judge's recommendation that these state law claims should be dismissed because the Court should decline to exercise supplemental jurisdiction. The Court agrees. Nothing in 28 U.S.C. § 1367(c) requires the Court to enter a dismissal when it declines to exercise supplemental jurisdiction, and the ordinary course in a removed case is to remand if the Court lacks jurisdiction.

Accordingly, Plaintiff's objections are **OVERRULED** in part and **SUSTAINED** in part.

**IT IS ORDERED** that so much of Defendants' motion to dismiss as pertains to Plaintiff's federal claims is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is remanded.

**IT IS FURTHER ORDERED** that so much of Defendants' motion to dismiss as pertains to Plaintiff's state law claims is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 9th day of September, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**